ACKERMANN & TILAJEF, P.C.
  Craig J. Ackermann, CA Bar No. 229832
  Sam Vahedi, CA Bar No. 282660
1180 South Beverly Drive, Suite 610
Los Angeles, CA 90035
Telephone: (310) 277-0614
Facsimile: (310) 277-0635

HAMMONDLAW, P.C.
Julian Hammond, CA Bar No. 268489
1829 Reisterstown Rd. Suite 410
Baltimore, MD 21208
Telephone: (310) 601-6766
Facsimile: (310) 295-2385

Attorneys for Plaintiffs and the putative class

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MOSS; and JAMIEL WATKINS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> USF REDDAWAY, INC., <br><br> Defendant. | Case No. 5:15-CV-01541-JAK-FFM <br> [Class Action] <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> Date:  October 2, 2017 <br> Time:  8:30 a.m. <br> Courtroom:  10B <br> Judge:  Hon. John A. Kronstadt |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION

### TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56 of the Central District, on October 2, 2017 at 8:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 10B of the United States District Court for the Central District of California, First Street Courthouse, located at 350 W. First Street, Los Angeles, CA 90012, Plaintiffs ROBERT MOSS and JAMIEL WATKINS ("Plaintiffs"), individually and on behalf of the Class[1] and Subclasses[2] certified in the Court's June 30, 2017 Order Re Plaintiff's Motion for Class Certification ("Certification Order"), will and hereby do move the Court for an Order granting partial summary judgment to Plaintiffs and the certified Class and Subclasses and against Defendant USF Reddaway, Inc. ("Defendant") on the issues of liability specified below as to following causes of action in Plaintiffs' operative First Amended Complaint ("FAC"):

1. Defendant's Failure to pay separately and hourly for time spent by Plaintiffs and the Class on their pre- and post-trip inspections during the Class Period as defined in the Court's Certification Order (Cal. Labor code §§ 1194)[3] [Plaintiff's first cause of action in the FAC];

2. Defendant's failure to provide separately paid rest periods and pay rest period premiums for non-compliant rest periods to Plaintiffs and the Class during the

---

[1] The Court previously certified the following Class: "All California residents employed as truck drivers by Defendant in California who held California drivers' licenses, and who were paid, in whole or in part, on the basis of a certain amount per mile during the Class Period from June 30, 2011 up until the time the May 2016 MOU became effective." *See*, the Court's Certification Order, Section IV, p. 18. The period referenced in the Court's Order will be referred to hereinafter as the "Class Period".

[2] The Court also previously certified the following two Subclasses: (a) a "Wage Statement and PAGA subclass" defined as "All Class Members employed by Defendant from June 30, 2014 through the time the May 2016 MOU became effective"; and (b) a "Waiting Time" subclass defined as "All class members whose employment with Defendant ended between June 31, 2012 and the time the May 2016 MOU became effective". *See*, *Id*.  The periods of time for which the claims of the subclasses were certified will be referred to hereinafter at the Wage Statement and PAGA Subclass Period and the Waiting Time Subclass Period, respectively.

[3] As explained below, partial summary judgment on Plaintiff's first two causes of action is supported by the codification of applicable case law in Labor Code §226.2.

i

Class Period as defined in the Court's Certification Order (Cal. Labor Code § 226.7 and §12 of IWC Wage Order No. 9) [Plaintiff's second cause of action in the FAC];

3.  Defendant's failure to provide complete and accurate itemized wage statements to Plaintiff Watkins and the Wage Statement and PAGA subclass for the Wage Statement and PAGA subclass Period as defined in the Court's Certification Order (Cal. Labor Code § 226) [Plaintiff's third cause of action in the FAC];

4.  Waiting time penalties due to Plaintiffs and the Waiting Time subclass based on Defendant's failure to pay all compensation due to the Waiting Time subclass upon their separation of employment from Defendant during the Waiting Time subclass period as defined in the Court's Certification Order (Cal. Labor code §§ 201-203) [Plaintiff's fourth cause of action in the FAC];

5.  Penalties pursuant to California's Private Attorney General Act ("PAGA") owed by Defendant to the Wage Statement and PAGA subclass for Wage Statement and PAGA subclass Period as defined in the Certification Order based on Defendant's violations of Labor Code §§1194, 226.7, and 226(a), as set forth in causes of action nos. 1-3, above, (Cal. Labor code §§ 558, 2698 et seq.) [Plaintiff's fifth cause of action in the FAC]; and

6.  Defendant's Unfair/unlawful business practices giving rise to claim by the Class of recoupment of their unpaid minimum wages and rest break premiums for the unpaid wages and premiums sought in causes of action nos. 1 and 2, above, in violation of Bus. & Prof. Code § 17200 during the Class Period as defined in the Certification Order. [Plaintiff's sixth cause of action in the FAC].

This motion is being made pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56 on the grounds that no issue of material fact exists as to Defendant's liability under the foregoing causes of action.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on March 29. 2017, and again on May 21, 2017, as explained in more detail in the accompanying Declaration of Craig J. Ackermann. Defendant has made it clear that it intends to oppose this motion.

This motion is based upon this Notice of Motion, the Memorandum of Points and Authorities in support thereof, the accompanying Declaration of Craig J. Ackermann, the accompanying Separate Statement of Undisputed Facts, the files and records in this action,

the Court's June 30, 2017 Certification Order, and all other matters properly presented to the Court prior to its ruling.

Respectfully submitted,

ACKERMANN & TILAJEF, P.C.
HAMMONDLAW, P.C.

Date: July 18, 2017                    */s/Craig J. Ackermann, Esq.*
                                       Craig J. Ackermann,
                                       Co-Counsel for Plaintiffs

# <u>TABLE OF CONTENTS</u>

I.  INTRODUCTION ...............................................................................1

II.  STATEMENT OF FACTS ...................................................................2

A.    The Undisputed Facts Establish That Reddaway's Uniform Compensation System Failed to Separately Compensate Plaintiffs and the Class for Their Pre- and Post-Trip Inspection Time and Their Time Spent on Rest Periods During the Class Period ........................................................................................... 2

B.    The Undisputed Facts Further Establish that Reddaway Failed to Advise Plaintiffs and the Class Members' of their Right to Separate and Hourly Pay for Time Spent on Rest Periods in California and Never Paid Plaintiffs and the Class Separately and Hourly Specifically for Their Rest Period Time Throughout the Class Period..... 4

C.    The Undisputed Facts Establish that Defendant's Wage Statements Issued to the Class Lacked Information About the Beginning Period of Pay Periods, Failed to Accurately State the Total Hours Worked, and Failed to Include Rest Period Time and Pay…………….................................................................................. 5

D.    The Undisputed Facts Establish that Defendant Knowingly Issued Inaccurate Wage Statements and Failed to Pay Separately and Hourly for Rest Periods and Inspection Time Even After Being Notified by Plaintiff Watkins' PAGA letter of These Violations, Which Support Findings of Liability Under PAGA and Waiting Time Penalties.......................................................................................... 7

E.    Current Procedural Posture .................................................................. 7

III.  THE STANDARD APPLICABLE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ..............................................................8

IV.  PLAINTIFFS ARE ENTITLED TO PARTIAL SUMMARY JUDGMENT ON THEIR FIRST CAUSE OF ACTION FOR FAILURE TO PAY  SEPARATELY AND HOURLY FOR INSPECTION TIME AND THEIR SECOND CAUSE OF ACTION FOR FAILURE TO PROVIDE COMPLIANT REST PERIODS AND PAY REST PERIOD PREMIUMS ..............................................................................9

A.    There is No Triable Issue of Material Fact Concerning Reddaway's Failure to Pay Drivers Separate and Hourly for Inspections........................................ 9

B.    There is No Triable Issue of Material Fact Concerning Defendant's Failed to Authorize and Permit Plaintiffs and the Class to Take Labor Code Compliant Rest Periods............................................................................................. 11

PLAINTIFFS' MEMORANDUM OF P&A IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION

V._PLAINTIFF WATKINS AND THE WAGE STATEMENT AND PENALTY SUBCLASS ARE ENTITLED TO PARTIAL SUMMARY JUDGMENT ON THEIR THIRD CAUSE OF ACTION FOR FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS............................................................................**15**

A.    The Undisputed Facts Demonstrate that Defendant Violated Labor Code § 226(A) By Issuing Non-Compliant Wage Statements to Plaintiffs and the Wage Statement and Penalty Subclass................................................................. 16

B.    Defendant Reddaway's Violations of Labor Code § 226(A) Were Indisputably Knowing and Intentional.............................................................. 17

C.    Defendant Reddaway Injured Plaintiff Watkins and the Subclass ................... 18

VI._PLAINTIFFS AND THE WAITING TIME SUBCLASS ARE ENTITLED TO PARTIAL SUMMARY JUDGMENT ON THE FOURTH CAUSE OF ACTION FOR WAITING TIME PENALTIES.............................................................................**19**

VII. PLAINTIFFS AND THE WAGE STATEMENT AND PENALTY SUBCLASS ARE ENTITLED TO PARTIAL SUMMARY JUDGMENT ON THEIR FIFTH CAUSE OF ACTION FOR PAGA PENALTIES ..........................................................**22**

A.    The Administrative Procedures for Plaintiff Watkins' PAGA Claim Have Been Duly Satisfied.......................................................................................... 23

B.    Plaintiff Watkins and the Wage Statement and PAGA Penalty Subclass Are Entitled to Partial Summary Judgment with Respect to Liability for PAGA Penalties Based on Defendant's Violations of Labor Code 226(a)............................................. 23

C.    Plaintiff Watkins and the Wage Statement and PAGA Subclass Are Entitled to Partial Summary Judgment on Their Claim for PAGA Penalties Under Labor Code §§ 226.2, 226.7, 558, And 1194.................................................................. 24

VIII.PLAINTIFFS and the class ARE ENTITLED TO partial SUMMARY JUDGMENT ON THEIR SIXTH CAUSE OF ACTiON FOR UNFAIR COMPETITION............**25**

IX._CONCLUSION...........................................................................................**25**

PLAINTIFFS' MEMORANDUM OF P&A IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION

# TABLE OF AUTHORITIES

## CASES

*Aguirre v. Genesis Logistics*, 2013 U.S. Dist. LEXIS 189815, at *28 (C.D. Cal. July 3, 2013) ................................................................................................................ 21

*Alberts v. Aurora Behavioral Health Care* (2015) 241 Cal. App. 4th 388 ................. 11

*Amaro v. Gerawan Farming, Inc.*, 2016 U.S. Dist. LEXIS 66842 * (E.D. Cal. May 19, 2016) ................................................................................................................... 11

*Amaro v. Gerawan,* 2016 U.S. Dist. LEXIS 112540, 2016 WL 4440966 ................... 11

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); Fed. R. Civ. Proc. 56(e) ... 7

*Armenta v. Osmose, Inc.,* 135 Cal.App.4th 314 (2005) ................................................. 8

*Bluford v. Safeway Stores, Inc.*, 216 Cal. App. 4th 864, 872 (2013), *reh'g denied* (June 18, 2013), *review denied (*Aug. 28, 2013) ............................................................ 10

*Bluford v. Safeway Stores, Inc.,* 216 Cal.App.4th 864 (2013) ....................................... 8

*Blumenthal Distrib. v. Herman Miller, Inc.*, 2016 U.S. Dist. LEXIS 106449 (C.D. Cal. Mar. 31, 2016) ....................................................................................................... 7

*Brinker Rest. Corp. v. Sup. Ct.*, 53 Cal. 4th 1004, 1033 (2012) ................................. 11

*Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal. App. 4th 365, 375 (2005) .......... 19

*Cardenas v. McLane FoodServices, Inc.,* 796 F. Supp. 2d 1246, 1252-53 (C.D. Cal. 2011) ..................................................................................................................... 10

*Cardenas v. McLane FoodServices, Inc.,* 796 F.Supp. 2d 1246, 1252-53 (C.D.Cal.2013) ................................................................................................................................ 8

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ..................................................... 7

*Faulkinbury v. Boyd & Associates, Inc.*, 216 Cal.App.4th 220 (2013) ........................ 11

*Fields v. West Marine Prods.*, 2014 U.S. Dist. LEXIS 16638, *26 (N.D. Cal. Feb. 7, 2014) ............................................................................................................... 14, 16

*Garnett v. ADT LLC*, No. 2:14-02851 WBS DAD, 2015 WL 5896065, at *8 (E.D. Cal. Oct. 6, 2015) ......................................................................................................... 14

*Gonzalez* v. Downtown LA Motors, 215 Cal. App. 4th 36, 40-41 (2013) ..................... 8

*Guifu Li v. A Perfect Day Franchise, Inc.*, 2011 U.S. Dist. LEXIS 96715 (N.D. Cal. Aug. 29, 2011) ...................................................................................................... 13

*Kirby v. Immoos Fire Prot., Inc.* (2012) 53 Cal. 4th 1244 ........................................... 17

*Mamika v. Barca*, (1998) 68 Cal.App.4th 487 ............................................................. 17

*McKenzie v. Fed. Exp. Corp.* 765 F.Supp.2d 1222, 1232 (C.D. Cal. 2011) ................. 21

*Munoz vs. Giumarra Vineyards Corp*. 2015 U.S. Dist. LEXIS 122450, at *31 (E.D. Cal. Sept. 11, 2015) ........................................................................................... 12

Quezada v. Con-Way Freight, Inc., 2012 WL 2847609, *7 (N.D.Cal. 2012) ............... 8

Quezada v. Con-Way Freight, Inc., Case No. C 09–03670 JW, 2012 WL 2847609, (N.D. Cal. July 11, 2012) ...................................................................................... 8, 10

*Ridgeway v. Wal-Mart Stores, Inc.*, 2015 WL 3451966  (N.D. Cal. 2015) ................... 9

*Ridgeway v. Wal-Mart Stores, Inc.*, No. 08-cv-05221, 2015 WL 3451966 (N.D. Cal. May 28, 2015) ...................................................................................................... 10

*Soos v. Raytheon Co.*, 2016 U.S. Dist. LEXIS 48539 at * 13 (C.D. Cal. Apr. 8, 2016) . 7

*T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987) ......................................................................................................................... 7

*Thornhill Publ'g Co., Inc. v. GTE Corp.,* 594 F.2d 730, 738 (9th Cir. 1979) ............... 7

*Thurman v. Bayshore Transit Mgmt., Inc.*, 203 Cal. App. 4th 1112 (2012) ............... 22

*Willner v. Manpower Inc.* 35 F. Supp. 3d 1116, 1136 (N.D. Cal. 2014) ........... 14, 16, 20

## STATUTES

Cal. Bus. & Prof. Code §§ 17200-17210 ...................................................................... 22

Fed. R. Civ. P. 56(c) ....................................................................................................... 7

IWC Wage Order No. 9 ............................................................................................. 8, 10

Labor Code § 226(a) ............................................................................................. passim

Labor Code § 226.2 ........................................................................................... 8, 9, 10

Labor Code § 226.7 ................................................................................................. 10, 18

Labor Code § 558 ......................................................................................................... 22

Labor Code §§ 2699 .................................................................................................... 19

## RULES

Rule 30(b)(6) ............................................................................................................... 12

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiffs Robert Moss and Jamiel Watkins (hereafter "Plaintiffs"), on behalf of themselves and the certified Class and Subclasses as defined in the Court's Certification Order, bring this Motion for Partial Summary Judgment against Defendant USF REDDAWAY, INC's ("Reddaway" or "Defendant") as to liability for each of the causes of action in their operative First Amended Complaint ("FAC"), as circumscribed and described below.  Specifically, Plaintiffs contend that there is no triable dispute of material fact as to Defendant's liability for each of the following claims:

1.   Defendant's failure to pay separately and hourly for time spent by Plaintiffs and the Class on their pre- and post-trip inspections during the Class Period as defined in the Court's Certification Order (Cal. Labor code §§ 1194) [Plaintiff's first cause of action in the FAC];

2.   Defendant's failure to provide separately paid rest periods and pay rest period premiums for non-compliant rest periods to Plaintiffs and the Class during the Class Period as defined in the Court's Certification Order (Cal. Labor Code § 226.7 and §12 of IWC Wage Order No. 9) [Plaintiff's second cause of action in the FAC];

3.   Defendant's failure to provide complete and accurate itemized wage statements to Plaintiff Watkins and the Wage Statement and PAGA subclass for the Wage Statement and PAGA subclass Period as defined in the Court's Certification Order (Cal. Labor Code § 226) [Plaintiff's third cause of action in the FAC];

4.   Waiting time penalties due to Plaintiffs and the Waiting Time subclass based on Defendant's failure to pay all compensation due to the Waiting Time subclass upon their separation of employment from Defendant during the Waiting Time subclass period as defined in the Court's Certification Order (Cal. Labor code §§ 201-203) [Plaintiff's fourth cause of action in the FAC];

5.   Penalties pursuant to California's Private Attorney General Act ("PAGA") owed by Defendant to the Wage Statement and PAGA subclass for Wage Statement and PAGA subclass Period as defined in the Certification Order based on Defendant's violations of Labor Code §§1194, 226.7, and 226(a), as set forth in causes of action nos. 1-3, above, (Cal. Labor code §§ 558, 2698 et seq.) [Plaintiff's fifth cause of action in the FAC]; and

6.   Defendant's Unfair business practices giving rise to claim by the Class of recoupment of their unpaid minimum wages and rest break premiums for the unpaid wages and premiums sought in causes of action nos. 1 and 2, above, in violation of Bus. & Prof. Code § 17200 during the Class Period as defined in the Certification Order. [Plaintiff's sixth cause of action in the FAC].

The majority of the relevant undisputed facts underlying Plaintiff's motion for partial summary judgment were described and set forth in Section II of the Court's June 30, 2017 Order Re Plaintiffs' Motion for Class Certification (Dkt. No. 80). As there is no dispute as to the material facts underlying this action, this matter is ripe for partial summary on liability where the Court can adjudicate the legal significance of the undisputed facts. As discussed below, Defendant's policies violated numerous California labor code provisions, thus warranting partial summary judgment for Plaintiffs and the Class and Subclasses on each of the causes of action and issues listed above.

## II.   STATEMENT OF FACTS[4]

### A.   The Undisputed Facts Establish That Reddaway's Uniform Compensation System Failed to Separately Compensate Plaintiffs and the Class for Their Pre- and Post-Trip Inspection Time and Their Time Spent on Rest Periods During the Class Period

Reddaway's compensation system applicable to its current and former California line haul drivers in the putative Class is set forth in its governing collective bargaining agreements ("CBAs") with the Teamsters' Union. [Plaintiff's Statement of Uncontroverted Facts and Conclusions of Law ("SUF") No. 1]. Throughout the Class Period, regardless of whether or not they were union members, or whether or not their terminal was unionized, Reddaway's California line haul drivers have all been subject to a uniform compensation plan set forth in the governing CBAs. [SUF No. 2].

On February 12, 2007, the USF Reddaway Western Contract ("the 2007 CBA") took effect, and it remained in force until January 13, 2013, when it was superseded by

---

[4] All evidence set forth in the Statement of Undisputed Facts or otherwise cited herein are attached to the Declaration of Craig Ackermann in Support of Plaintiffs' motion for partial summary judgment, filed herewith, and are included in the Binder of Evidence that will be submitted to Chambers.

the Master Agreement and Supplemental Agreements between the Western Region of Teamsters and Reddaway, Inc. ("the 2013 CBA"). [SUF No.3]. On January 17, 2014, the 2013 CBA's term was extended to March 31, 2019. [SUF No. 4]. Thus, from June 30, 2011 to the present (the "Class Period"), there have been two governing CBAs: the 2007 and the 2013 CBAs. [SUF No. 5]. Both Reddaway and its current and former California line haul drivers are, and have been, bound to follow the policies in the CBAs, copies of which were posted in all California terminals. [SUF No. 6].

The two governing CBAs contain identical compensation plans applicable to the Class. [SUF No. 7]. To begin, Article 1.01 of the CBAs states that the agreements apply to all "over the road drivers" – including the California line haul drivers in the Class – as well as to Reddaway's hourly drivers, also called "pick-up-and-delivery" or "P&D" drivers, and to its "hostlers," who move trucks around Reddaway's yards and terminals. [SUF No. 8]. Throughout the Class Period, the CBAs provided and Reddaway's uniform compensation policy for line haul drivers on mileage runs was that "[a]ll line haul drivers are paid a combination of mileage rate and hourly time, except as noted below." [SUF No. 9]. The "mileage rate" consisted of a designated amount of "cents per mile," while hourly pay that was available was paid only for time spent by line haul drivers on certain designated activities that were itemized in the CBAs. [SUF No. 10].[5]

Notably, Reddaway's uniform compensation system for line haul drivers as set forth in the CBAs indisputably contains no provision for separate and hourly pay on mileage runs for time spent by drivers on pre- and post-trip inspections as well as rest periods, because, as Article 34(c) of the CBAs clearly states:

---

[5] Specifically, under Article 34(c) of the CBAs, only non-driving working time of California line haul drivers associated with the following specified tasks is eligible for separate and hourly pay in addition to their mileage pay on mileage runs, and on a limited basis: chaining up tires (3/4 hour), unchaining tires (1/4 hour), break-downs ("All time will be paid at applicable straight-time hourly rate"), fueling performed by driver (1/4 hour) (Reddaway 30(b)(6) Depo. at 48:23-25 to 40:1-3), impassable highway time over ½ hour is paid hourly, waiting time ("all time paid at the applicable hourly rate"), and time spent on state inspections). (Id. at 44:17-45:3, 50:25-51:25, 61:21-62:3, Exhibits 15 and 16, Art. 34(c)).

"The mileage rates shall include the following activities:
>     *pre-trip inspections
>     *hazmat inspections
>     *post-trip inspections
>     *all paperwork and breaks
>     *first half hour of impassable highway
>     *front trailer, tractor, and leady dolly hostled at destination terminal."

[SUF No. 11].[6]

Consistent with the CBAs, and speaking on behalf of Defendant pursuant to Rule 30(b)(6), Reddaway's corporate designee conceded that line haul drivers' time spent on rest breaks was incorporated into the mileage rate. [SUF No. 12].

**B. <u>The Undisputed Facts Further Establish that Reddaway Failed to Advise Plaintiffs and the Class Members' of their Right to Separate and Hourly Pay for Time Spent on Rest Periods in California and Never Paid Plaintiffs and the Class Separately and Hourly Specifically for Their Rest Period Time Throughout the Class Period</u>**

Article 33.10 of the 2007 CBA set forth Reddaway's meal and rest period policies applicable to Plaintiffs and the putative Class Members, i.e., the California line haul drivers, during the Class Period. [SUF No. 13]. Pursuant to the policy, Reddaway's drivers are entitled to take two rest periods of ten minutes each per day. [SUF No. 14]. Reddaway's supervisors, managers and dispatchers were made aware of this policy as applied to the California line haul drivers. [SUF No. 15]. Reddaway's rest break policy was the same for both union and non-union drivers. [SUF No. 16].

Significantly, Reddaway admits that it has never paid hourly and separately for any of its line haul drivers' time spent on rest periods. [SUF No. 17]. Instead, Reddaway contends that it paid for California line haul drivers' rest periods solely by virtue of the fact that pay was "part of the mileage pay." [SUF No. 18]. Reddaway also never advised

---

[6] See Reddaway 30(b)(6) Depo. at 53:9-20: "Q. …. [S]o to sum up … time spent on pre and post inspections, on rest breaks, and on work-related paperwork and the first half hour of impassable highways, according to Reddaway, was also included in the mileage rate of pay from June 11, 2011 through the present, correct? A: It was part of the composite mileage component, yes." Q. Is the mileage composite rate the mileage rate? A: Yeah … It is.."

its California line haul drivers of their right to separate and hourly pay for time spent on their rest periods. [SUF No. 19]. Nor were Class members ever advised that they could receive an hour of premium pay for not being provided a rest period that included separate and hourly pay for the rest break time. [SUF No. 20].

In May 2016, Reddaway and the Teamsters Union negotiated and signed a Memorandum of Understanding ("MOU") to modify the operative 2013 CBA, pursuant to which the mileage rates for line haul drivers will be lowered and separate and hourly pay will then be broken out so that Defendant will pay separately and hourly for rest periods, inspections and some other hourly non-driving tasks. [SUF No. 21]. In October 2016, Reddaway attempted to implement the new pay practices, but they were put on hold due to computer glitches. [SUF No. 22].[7]

### C. The Undisputed Facts Establish that Defendant's Wage Statements Issued to the Class Lacked Information About the Beginning Period of Pay Periods, Failed to Accurately State the Total Hours Worked, and Failed to Include Rest Period Time and Pay

Throughout the Wage Statement and PAGA Subclass Period, under both the 2007 CBA and the 2013 CBA, Reddaway issued wage statements to the Class once every two weeks. [SUF No. 23]. Other than a small change in 2015 related to certain 401k information, Reddaway's wage statements issued to line haul drivers have been the same from June 30, 2011 through at least October 2016. [SUF No. 24]. The wage statements issued to Watkins and Moss are typical of those issued to the Class. [SUF No. 36].

From at least June 30, 2014—one year prior to the filing of the complaint—through until at least October 2016, the wage statements issued to line haul drivers in California have also never included time spent on rest periods as a separate category.

---

[7] It is unclear whether Reddaway has successfully implemented these policies to date and to what extent, such that the May 2016 MOU would be effective and the Class Period would be definitively closed, but those facts are irrelevant to Plaintiff's motion for partial summary judgment, as they are only probative of the extent of damages, and have no bearing on Reddaway's liability.  Plaintiff seeks an Order establishing liability during the Class Period, which ends as of the date of the effective date of the May 2016 MOU, i.e., the date of the implementation of the terms of the MOU, as Plaintiff conceded during oral argument at the hearing on Plaintiff's motion for class certification.

[SUF No. 25].  The wage statements issued by Reddaway from June 30, 2014—one year prior to the filing of the original complaint—until October 2016 did not contain complete and accurate information concerning the number of total hours each driver worked. Rather, the wage statements issued to Plaintiff and the other drivers contained entries for "regular hours," meaning the total of the specific hourly-time for which Reddaway authorizes separate and hourly pay, and "converted hours", i.e., the number of miles driven divided by 50 miles per hour, which is designed to give an approximation of total hours driven. [SUF No. 26]. Further, Reddaway has never included the hours worked on non-productive time such as the first half hour of impassable highways among the "hourly time" on the wage statements. [SUF No. 27]. From at least June 30, 2014 through December 5, 2016, the wage statements issued to line haul drivers in California have also never included time spent on rest periods as a separate category. [SUF No. 28].

Moreover, the wage statements issued throughout the Wage Statement and PAGA Subclass Period lacked information about the drivers' total actual hours worked; instead, they contained entries for "regular hours", meaning the total of the specific hourly-time for which Reddaway authorizes separate and hourly pay, and "converted hours", i.e., the number of miles driven divided by 50 miles per hour, which is designed to give an approximation of total hours driven [SUF No. 29] (for 95% of non-shuttle routes, Reddaway's wage statements issued to line haul drivers in California have never included the total hours worked). Also, Reddaway has never included the hours worked on non-productive time such as the first half hour of impassable highways among the "hourly time" listed on the wage statements. [SUF No. 30].

Reddaway's wage statements issued to the Class contain information about the "period ending", but they did not contain any information about the beginning date of the pay periods covered by the wage statements, so drivers could not tell from the wage statements what the beginning date was of each pay period. [SUF No. 31].

**D. The Undisputed Facts Establish that Defendant Knowingly Issued Inaccurate Wage Statements and Failed to Pay Separately and Hourly for Rest Periods and Inspection Time Even After Being Notified by Plaintiff Watkins' PAGA letter of These Violations, Which Support Findings of Liability Under PAGA and Waiting Time Penalties**

By letter, dated June 25, 2015, Reddaway was put on notice by Plaintiff Watkins's PAGA letter to the LWDA and Reddaway that Reddaway's wage statements were not complete and that Reddaway was failing to pay for rest breaks separately and hourly as required by California law. [SUF Nos. 34 and 37].   Moreover, on June 30, 2016, according to the Department of Industrial Relations' website, Defendant filed for the safe-harbor in Labor Code section 226.2, but then it never paid the safe-harbor amount out to its drivers [SUF 38], showing its knowing willful and knowing disregard of California law.  Indeed, for all line haul drivers in California whose employment with Reddaway ended during the Waiting Time Subclass Period, Reddaway admits it has never paid them separately and hourly at any time for the time they spent on their rest breaks and performing inspections, including in connection with their final paychecks or thereafter. [SUF No. 32].

**E. Current Procedural Posture**

On June 30, 2017, this Court entered an order regarding Plaintiffs' motion for class certification, and certified the following Class and subclasses:

**The Class:** All California residents employed as truck drivers by Defendant in California who held California drivers' licenses, and who were paid, in whole or in part, on the basis of a certain amount per mile during the Class Period from June 30, 2011 up until the time the May 2016 MOU became effective.

**The "Wage Statement and PAGA" subclass:** All Class members employed by Defendant from June 30, 2014, through the time the May 2016 MOU became effective.

**The "Waiting Time" subclass:** All class members whose employment with Defendant ended between June 31, 2012, and the time the May 2016 MOU became effective.

Significantly, the Court, in its class certification order, made the findings of the material facts set forth above. There are no triable disputes as to the material facts found by the Court in its class certification order or at all.  As such, Plaintiffs are entitled to partial summary judgment on questions of liability on all causes of action, as set forth more fully below.

## III.   THE STANDARD APPLICABLE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

A motion for summary judgment will be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden to show the basis for its motion and to identify those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. Where the nonmoving party will have the burden of proof on an issue, however, the movant need only demonstrate that there is an absence of evidence to support the claims of the nonmoving party. *See id*; *Soos v. Raytheon Co.*, 2016 U.S. Dist. LEXIS 48539 at * 13 (C.D. Cal. Apr. 8, 2016).

If the moving party meets its initial burden, the nonmoving party must set forth "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); Fed. R. Civ. Proc. 56(e).

In considering such a motion, a court is not to make any credibility determinations or weigh conflicting evidence. Rather, all inferences are to be drawn in the light most favorable to the nonmoving party. *See Blumenthal Distrib. v. Herman Miller, Inc.*, 2016 U.S. Dist. LEXIS 106449 (C.D. Cal. Mar. 31, 2016) (*citing T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987)). However, conclusory,

speculative testimony in declarations or other evidentiary materials is insufficient to raise genuine issues of fact and defeat summary judgment. *Id.*; *see also Thornhill Publ'g Co., Inc. v. GTE Corp.,* 594 F.2d 730, 738 (9th Cir. 1979).

## IV.   PLAINTIFFS ARE ENTITLED TO PARTIAL SUMMARY JUDGMENT ON THEIR FIRST CAUSE OF ACTION FOR FAILURE TO PAY SEPARATELY AND HOURLY FOR INSPECTION TIME AND THEIR SECOND CAUSE OF ACTION FOR FAILURE TO PROVIDE COMPLIANT REST PERIODS AND PAY REST PERIOD PREMIUMS

### A. There is No Triable Issue of Material Fact Concerning Reddaway's Failure to Pay Drivers Separate and Hourly for Inspections

Labor Code section 226.2, which became effective on January 1, 2016, codified existing law requiring that, *inter alia*, truck drivers paid on a piece-rate basis must be paid separately and hourly for their rest periods and other non-productive time, including pre- and post-trip inspection time. *See Armenta v. Osmose, Inc.,* 135 Cal.App.4th 314 (2005) (California law requires that employees be paid for "all hours worked" and an employer must separately compensate piece-rate employees for all hours spent performing non-piece rate, i.e., non-productive work); *Quezada v. Con-Way Freight, Inc.*, 2012 WL 2847609, *7 (N.D.Cal. 2012) ("… Defendant's pay scheme of 'building in' compensation for non-driving tasks on a per-mile rate is not permissible under the California Labor Code."); *Cardenas v. McLane FoodServices, Inc.,* 796 F.Supp. 2d 1246, 1252-53 (C.D.Cal.2013) (holding that non-driving activities, including inspection time, could only be included in a piece-rate formula if the formula, by its very terms, references the non-driving components in its formulation; otherwise, all non-driving tasks must be paid for separately and hourly, regardless of what the employer intended or what the employees *believed* was or was not included in the piece-rate); *Bluford v. Safeway Stores, Inc.,* 216 Cal.App.4th 864 (2013) (holding that a piece-rate system of pay is illegal unless it separately pays drivers on an hourly basis for their time spent on rest periods); *Gonzalez v. Downtown LA Motors*, 215 Cal. App. 4th 36, 40-41 (2013) (citing and adopting the logic

of *Cardenas*);[8] *Ridgeway v. Wal-Mart Stores, Inc.*, 2015 WL 3451966 (N.D. Cal. 2015) (granting summary judgment to plaintiffs on their claim that Wal-Mart's piece-rate mileage pay system of compensation applicable to truck drivers violated California law by not having separate and hourly pay for time spent on inspections and rest periods). See also Plaintiffs' Request for Judicial Notice, No. 3, **Exhibit C** (Assembly Bill 1513 Senate Committee on Labor and Industrial Relations Notes September 10, 2015, explaining that Labor Code § 226.2 codified pre-existing law).

Specifically, Labor Code section 226.2 states that "employees shall be compensated for rest and recovery periods and other nonproductive time *separate from any piece-rate compensation*." *See,* California Labor Code § 226.2 (a)(1) (emphasis added). Labor Code Section 226.2 also made available an affirmative defense to claims for unpaid minimum wages (section 1194 of the Labor Code), incomplete wage statements (section 226 of the Labor Code), waiting time penalties (section 203 of the Labor Code), and liquidated damages (section 1194.2 of the Labor Code) arising from July 1, 2012 through December 31, 2015 (the "safe-harbor period") that are or were predicated on, or arise out of, an employer's failure to pay piece-rate workers separately and hourly for non-productive time and their rest periods if an employer pays out either (a) the actual amount it owes during the safe-harbor period, plus interest, or (b) 4% of the W-2 reported wages paid out to the employee(s) from July 1, 2012 through December 31, 2015. Here, Defendant signed

---

[8] As the Court noted in the Certification Order, "When the California Supreme Court has not ruled on an issue of California law, it is appropriate for a district court to apply decisions of the California Courts of Appeal, absent a showing that the California Supreme Court would not likely agree with them. *See Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 994 (9th Cir. 2007) ("when (1) a federal court is required to apply state law, and (2) there is no relevant precedent from the state's highest court, but (3) there is relevant precedent from the state's intermediate appellate court, the federal court must follow the state intermediate appellate court decision unless the federal court finds convincing evidence that the state's supreme court likely would not follow it."); *see also C.I.R. v. Bosch's Estate*, 387 U.S. 456, 465 (1967) ("an intermediate appellate state court is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise. . . . If there be no decision by that court then federal authorities must apply what they find to be the state law after giving 'proper regard' to relevant rulings of other courts of the State." (internal alterations omitted)). The California Supreme Court has not ruled on the issues presented in this action, and there is no showing that it would not agree with the interpretation of California law in *Bluford* and *Gonzales*." See Certification Order, footnote 2.

up for the safe-harbor [See SUF No. 38], but did not send out the payments before the December 31, 2016 deadline, and is thus no longer eligible for the affirmative defense set forth in Labor Code section 226.2.

As described above, Defendant paid its drivers on mileage runs on a piece-rate basis — a certain amount of "cents per mile" with some hourly and separate pay for certain specified hourly tasks — but failed to pay them separately and hourly for time spent on pre- and post- trip safety inspections, as well as rest periods.  Thus, Defendant is liable for unpaid back wages for the unpaid inspection time, as well as rest period premiums, wage statement violations, PAGA penalties, and waiting time penalties to the Class and the two Subclasses.[9]  Plaintiff is entitled to partial summary judgment on the first cause of action because it is undisputed that there was no separate and hourly pay for pre- and post-trip inspections to the Class, and that the failure to have separate and hourly pay is a violation of California law, as codified in Section 226.2 and *Gonzalez v. Downtown LA Motors*, 215 Cal. App. 4th 36, 40-41 (2013).

**B.**  **There is No Triable Issue of Material Fact Concerning Defendant's Failed to Authorize and Permit Plaintiffs and the Class to Take Labor Code Compliant Rest Periods**

Under California law, drivers employed in California must be provided a 10-minute rest period for each 4 hours or work or major fraction thereof. See IWC Wage Order No. 9, Section 12.  Plaintiffs claim that due to Reddaway's failure to compensate line haul drivers separately for their tine spent on rest periods under its uniform compensation system, Reddaway did not actually authorize and permit ***any Labor Code compliant*** rest periods as required by IWC Wage Order No. 9-2001, Section 12

---

[9] Although Defendant might be liable for ***both*** unpaid rest period time and rest period premiums, Plaintiffs and the Class here only seek partial summary judgment on the unpaid wage cause of action for the unpaid pre and post-trip inspection time, and partial summary judgment on their rest break premium pay claim based on Defendant's failure to provide rest breaks with separate and hourly pay, in order to avoid "double-dipping" and to be consistent with the logic *Amaro v. Gerawan*, Case No. 1:14-cv-00147-DAD-SAB, 2016 W.L. 4440966, at *5 (E.D.Cal. Sept. 6, 2016) (denying motion to decertify the class and clarifying that "the piece-rate subclass cannot seek wages owed as damages [for unpaid rest breaks], and are instead limited to seeking a §226.7 remedy".

throughout the Class Period, thereby triggering rest period premiums pursuant to Labor Code section 226.7.

As discussed above, employees paid on a piece-rate basis in California must be paid separately and hourly for the non-productive time associated with their rest periods. Labor Code § 226.2; *Ridgeway v. Wal-Mart Stores, Inc.*, No. 08-cv-05221, 2015 WL 3451966 (N.D. Cal. May 28, 2015) (granting summary judgment to the plaintiffs on their claim that Wal-Mart's piece-rate mileage pay system of compensation applicable to truck drivers violated California law by not having separate and hourly pay for time spent on inspections, fueling, washing, weighing, paperwork and layovers).[10]

IWC Wage Order No. 9-2001 provides that "[a]uthorized rest period times shall be counted as hours worked for which there shall be no deduction from wages." In addition, Labor Code § 226.7(c) provides that "if an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including ...an…order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." As established in *Brinker* and subsequent California Court of Appeal decisions applying *Brinker* to meal and rest period claims, if an employer adopts an unlawful uniform policy that does not authorize and permit employees to take a compliant rest period, "***it has violated the wage order and is liable***." *Brinker*, 53 Cal.4th at 1033 (emphasis added).[11]

---

[10] *See also Gonzalez vs. Downtown LA Motors, LP*, 215 Cal. App. 4th 36, 44-45; *Bluford v. Safeway Stores, Inc.*, 216 Cal. App. 4th 864, 872 (2013), *reh'g denied* (June 18, 2013), *review denied (*Aug. 28, 2013) ("rest periods must be separately compensated in a piece-rate system. Rest periods are considered hours worked and must be compensated.") (*citing Armenta v. Osmose, Inc.* 135 Cal.App.4th 314, 323 (2005); *Quezada v. Con-Way Freight, Inc.*, No. C 09-03670, 2012 WL 2847609, *7 (N.D. Cal. July 11, 2012) ("… Defendant's pay scheme of 'building in' compensation for non-driving tasks on a per-mile rate is not permissible under the California Labor Code."); *Cardenas v. McLane FoodServices, Inc.,* 796 F. Supp. 2d 1246, 1252-53 (C.D. Cal. 2011) (granting summary judgment to plaintiff drivers and holding that non-driving activities could only be included in a piece-rate formula for drivers if the formula, by its very terms, references the non-driving components in its formulation; otherwise, all non-driving tasks must be paid for separately and hourly, regardless of what the employer intended or what the employees *believed* was or was not included in the piece-rate).

[11] *See also Faulkinbury v. Boyd & Associates, Inc.*, 216 Cal.App.4th 220, 235 (2013); *Bradley v.*

"If an employer fails to provide legally compliant meal or rest breaks, the court may not conclude employees voluntarily chose to skip those breaks." *Alberts v. Aurora Behavioral Health Care* (2015) 241 Cal. App. 4th 388, 410; *accord Brinker Rest. Corp. v. Sup. Ct.*, 53 Cal. 4th 1004, 1033 (2012) ("No issue of waiver ever arises for a rest break that was required by law but never authorized; if a break is not authorized, an employee has no opportunity to decline to take it.").

Consistent with *Brinker* and *Bluford,* in *Amaro vs. Gerawan*, the court found that even though the employer maintained an otherwise *Brinker* compliant rest period policy, "reminded their employees of their availability—and the importance—of taking breaks on a daily basis, and even went so far as to conduct regular audits to ensure that employees were being offered rest breaks" the employer still failed to authorize and permit rest periods never received an opportunity to receive compensated rest periods under the defendant's piece-rate compensation system. *Amaro v. Gerawan Farming, Inc.*, 2016 U.S. Dist. LEXIS 66842 * (E.D. Cal. May 19, 2016) *aff'd Amaro v. Gerawan,* 2016 U.S. Dist. LEXIS 112540, 2016 WL 4440966, at *11 (E.D. Cal. Aug. 22, 2016); *rev. denied* by 9th Cir. Case No. 0:16-23f-80120 (9th Cir. Nov. 16, 2016).

As in *Gerawan*, it is undisputed that Reddaway utilizes a uniform compensation system for line haul drivers that did not compensate Plaintiffs and all of the putative class members separately for the non-productive time associated with their rest periods. Notably, Reddaway's uniform compensation system for line haul drivers as set forth in the CBAs indisputably contains no provision for separate and hourly pay on mileage runs for time spent by drivers on pre- and post-trip inspections, paperwork, and rest periods, because, as Article 34(c) of the CBAs clearly states:

> "***The mileage rates shall include the following activities***:
> *pre-trip inspections
> *hazmat inspections
> *post-trip inspections[12]

---

*Networkers International, LLC* 211 Cal.App.4th 1129, 1151 (2012); *Benton* 220 Cal. 4th at 728.

[12] The pre- and post-trip inspections referenced here refer to the Department of Transportation mandated

*all paperwork and breaks[13]
*first half hour of impassable highway
*front trailer, tractor, and leady dolly hostled at destination terminal."

[SUF No. 11] (emphasis added).

Consistent with the CBAs, and speaking on behalf of Defendant pursuant to Rule 30(b)(6), Reddaway's corporate designee admitted that line haul drivers' time spent on pre- and post-trip inspections,[14] their time spent on rest breaks, and their time spent on work-related paperwork, was all incorporated into the mileage rate. [SUF No. 12]. Accordingly, prior to the amendment of the CBA in October 2016, which was not fully implemented until, at the earliest, December 2016, if at all, it is uncontested that Defendant failed to authorize a single legally compliant rest period.

Further, Reddaway not only failed to pay employees rest period premiums when they did not receive a compliant rest period, but its written rest period policy in effect from January 7, 2013 to March 31, 2015 expressly denied the right of employees who did not receive rest periods to recover rest period premiums. [SUF No. 33] (2013 CBA Section 33.10: "There will be occasions when a rest period privilege will not be granted

---

safety inspections that truckers must perform before and after driving their routes. (Reddaway 30(b)(6) Depo. at 42:23-25, 43:21-24).

[13] The reference here to "breaks" refers to rest periods. (Id. at 44:9-14). Prior to November 2016, the Daily Time Sheets did not contain work codes to enter time spent on inspections and/or rest periods. (*Id.* at 97:15-25 to 98:1-11; Exhibit 20).

[14] Pursuant to federal regulations and Reddaway policy, all drivers are required to perform pre- and post-trip inspections on a daily basis. (Reddaway 30(b)(6) Depo. at 64:13-16). DOT regulations say that the inspections should each take 15 minutes, *Id.* at 65:11-22, and Reddaway acknowledges that the inspections take 10 to 15 minutes each to perform. (*Id.* at 66:21-25 to 67:1-5, 71:19-24). The inspections include a walk-around, looking for air-flow, greasy brake shoes, tire pressure, checking windshield wipers, and making sure side mirrors are clean, among other things. Reddaway 30(b0(6) Depo. at 65:2-10, and 65:23-25 to 66:1-3), as well as completion of a DVIR vehicle inspection report. (Id. at 66:10-14). Reddaway is bound by these admissions. *See Munoz vs. Giumarra Vineyards Corp.* 2015 U.S. Dist. LEXIS 122450 (E.D. Cal. Sept. 11, 2015) ("Once a party notices the topics for examination, the corporation must 'not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete, **knowledgeable and binding answers on behalf of the corporation**.'") (emphasis added); *Guifu Li v. A Perfect Day Franchise, Inc.*, 2011 U.S. Dist. LEXIS 96715, 2011 WL 3895118, *2 (N.D. Cal. Aug. 29, 2011) (internal citations omitted).

due to customer's demands, job conditions.... Rest periods missed are not cumulative nor shall they constitute a wage claim.").

As a result of Defendant Reddaway's common compensation policies, Defendant failed to authorize and permit compliant rest periods or pay rest period premiums. Thus, there is no dispute of material fact that Reddaway's policy failed to provide the Class with separately and hourly paid rest breaks, and that Reddaway failed to pay rest period premiums for the unpaid rest breaks. As such, Plaintiffs are entitled to partial summary judgment on the issue of liability on the FIRST and SECOND causes of action in the FAC because it is undisputed that (a) Defendant did not pay separately and hourly for pre- and post-trip inspections throughout the Class Period, and this owes the Class unpaid minimum wages for all of that working time; and (b) Defendant failed to provide compliant rest periods to the Class during the Class Period, thereby triggering rest period premium payments to the Class that were never made, and that are now owed.

## V.    PLAINTIFF WATKINS AND THE WAGE STATEMENT AND PENALTY SUBCLASS ARE ENTITLED TO PARTIAL SUMMARY JUDGMENT ON THEIR THIRD CAUSE OF ACTION FOR FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

Labor Code § 226 obligates employers, semi-monthly or at the time of each payment to furnish an itemized wage statement in writing showing:

(1)    gross wages earned;

(2)    total hours worked by the employee;

(3)    the number of piece-rate units earned and any applicable piece rate if the

(4)    employee is paid on a piece rate;

(5)    all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item;

(6)    net wages earned;

(7)    the inclusive dates of the period for which the employee is paid;

(8)    the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number;

(9)    the name and address of the legal entity that is the employer...;

(10)   all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…

"A claim for damages under Section 226(e) requires a showing of three elements: (1) a violation of Section 226(a); (2) that is "knowing and intentional"; and (3) a resulting injury." *Garnett v. ADT LLC*, No. 2:14-02851 WBS DAD, 2015 WL 5896065, at *8 (E.D. Cal. 2015); *Willner v. Manpower Inc.* 35 F. Supp. 3d 1116, 1030-1031 (N.D. Cal. 2014)).

## A. <u>The Undisputed Facts Demonstrate that Defendant Violated Labor Code § 226(A) By Issuing Non-Compliant Wage Statements to Plaintiffs and the Wage Statement and Penalty Subclass</u>

Here, Defendant undeniably violated Labor Code § 226(a)(1), (2), (3), (5), and (9) by failing to include rest period premiums owed to Plaintiff and the Itemized Wage Statement Class following the service of the PAGA Notice on June 25, 2015 and the Complaint on June 30, 2015. See e.g. *Fields v. West Marine Prods*., 2014 U.S. Dist. LEXIS 16638, *26 (N.D. Cal. Feb. 7, 2014) ("Because West Marine allegedly failed to provide accurate pay-stub information as to the employees' rest-periods and meal-periods in violation of Section 226(a), plaintiffs have satisfied the requirements of Rule 8").

The wage statements issued throughout the Wage Statement and Penalty Subclass Period also lacked information about the drivers' total actual hours worked; instead, they contained entries for "regular hours," meaning the total of the specific hourly-time for which Reddaway authorizes separate and hourly pay, and "converted hours", i.e., the number of miles driven divided by 50 miles per hour, which is designed to give an approximation of total hours driven. [SUF No. 29] (for 95% of non-shuttle routes, Reddaway's wage statements issued to line haul drivers in California have never included the total hours worked). Also, Reddaway has never included the hours worked on non-productive time such as the first half hour of impassable highways among the "hourly time" listed on the wage statements. [SUF No. 30].  Finally, Defendant failed to include the beginning date of pay periods on its wage statements. [SUF No. 31].

By omitting rest period premiums, minimum wages for pre and post-trip inspections and other non-productive time, the total actual hours worked, and the beginning date of

the pay periods from wage statements issued to Plaintiffs and the Wage Statement and Penalty Subclass, the wage statements issued to Plaintiff and the  Wage Statement and Penalty Subclass did not properly indicate the gross wages earned, the total hours worked, the total wages earned by the employee, the net wages earned,  all applicable hourly rates in effect, and the beginning and end dates of pay periods.[15] [SUF Nos. 29-31]. Accordingly, Reddaway undeniably violated Labor Code § 226(a)(1, 2, 3, 5, and 9) when issuing itemized wage statements to Plaintiffs and the Itemized Wage Statement and Penalty Subclass, justifying partial summary judgment to Plaintiffs and the Wage Statement and Penalty Subclass on liability on the THIRD cause of action.

### B. Defendant Reddaway's Violations of Labor Code § 226(A) Were Indisputably Knowing and Intentional

Given that Defendant was explicitly advised of its unlawful conduct via Plaintiff Watkins' PAGA letter and the instant lawsuit [SUF No. 34, 37], and yet failed to take any actions to modify its wage statement or rest period policies until the May 2016 MOU, which was not implemented until sometime thereafter, Defendant's violations of Labor Code § 226(a) were knowing and intentional. [SUF Nos. 34, 35 and 37].  This is further underscored by the fact that Defendant submitted for the safe-habor [SUF No. 38], but never made the safe-harbor payments to the Class.  On June 25, 2015, Plaintiff Watkins sent a letter to Reddaway and the LWDA, advising them that Reddaway was issuing inaccurate itemized wage statements to himself and the Proposed Wage Statement and Penalty Subclass that did not properly indicate *inter alia* the gross wages earned, the total

---

[15] *See Finder v. Leprino Foods Co.* (E.D. Cal. Mar. 12, 2015) 2015 U.S. Dist. LEXIS 30652 * 13-14 ["Plaintiff may also state a Section 226 claim based on misreported hours."]; *Cornn v. UPS, Inc.*, 2006 U.S. Dist. LEXIS 9013, *5 (N.D. Cal. Feb. 22, 2006) ["UPS's payroll system by default ignored the lunch periods recorded by drivers and automatically subtracted a standard lunch period....if UPS failed to report the actual number of hours worked on Plaintiffs' wage statements, then the company violated section 226"]; *Clemens v. Hair Club for Men, LLC*, 2016 U.S. Dist. LEXIS 50573 * (N.D. Cal. Apr. 14, 2016) (certifying a Labor Code § 226 class based upon the plaintiff's allegations that the defendant failed to include "the correct overtime rate or the correct number of hours worked at each corresponding hourly rate."); *Cicarios v. Summit Logistics, Inc.*, 133 Cal. App. 4th 949, 960-961 (2005) (reversing summary judgment for defendants where wage statements did not "give an accurate report of the hours plaintiff worked, at least no on its face.").

1 | wages earned by the employee, the net wages earned, or all applicable hourly rates in
2 | effect; the letters were delivered on July 14th and 15th, 2015. [SUF No. 34].

3 |      Further, on July 8, 2015, Plaintiff served Defendant with a copy of the Complaint
4 | that again advised Reddaway that is wage statements violated Labor Code § 226(a)(1),
5 | (2), (3), (5), and (9) by failing to include rest period premiums and minimum wages owed
6 | to Plaintiff and the Itemized Wage Statement Subclass. [SUF No. 35]. *See e.g. Fields v.*
7 | *West Marine Prods.*, 2014 U.S. Dist. LEXIS 16638, *26 (N.D. Cal. Feb. 7, 2014)
8 | ("Because West Marine allegedly failed to provide accurate pay-stub information as to the
9 | employees' rest-periods and meal-periods in violation of Section 226(a), plaintiffs have
10 | satisfied the requirements of Rule 8").[16] Thus, Reddaway undeniably "knowingly and
11 | intentionally" violated Labor Code § 226(a)(1, 2, 3, 5, and 9) from at least June 15, 2015
12 | through the date that it implemented (or will implement) its modified uniform
13 | compensation policy and compliant wage statements. [*See* SUF Nos. 21-22].

14 | ### C. Defendant Reddaway Injured Plaintiff Watkins and the Subclass

15 |      The third element of a claim for penalties under Labor Code § 226(e) is a resulting
16 | injury. *See Garnett*, 2015 WL 5896065, at *8 (E.D. Cal. Oct. 6, 2015) (*citing Willner*, 35
17 | F. Supp. 3d at 1030-1031). Section 226(e), as amended on January 1, 2013, provides that
18 | an "injury" occurs when an employer violates Section 226(a) and "the employee cannot
19 | promptly and easily determine from the wage statement alone one or more of the items of
20 | information provided in the statute. Labor Code § 226(e)(2)(B).

21 |      As previously explained, by omitting the rest period premiums and failing to
22 | separately compensate employee for rest periods, Defendant Reddaway violated Labor
23 | Code § 226(a)(1, 2, 3, 5, and 9). Reddaway's exclusion of essential information from the
24 | itemized wage statements issued to Plaintiff Watkins and the other members of the Wage

---

26 | [16] *Finder v. Leprino Foods Co.* (E.D. Cal. 2015) 2015 U.S. Dist. LEXIS 30652 * 13-14 ["Plaintiff may also state a Section 226 claim based on misreported hours."]; *Cornn v. UPS, Inc.*, 2006 U.S. Dist.
27 | LEXIS 9013, *5 (N.D. Cal. Feb. 22, 2006) ["UPS's payroll system by default ignored the lunch periods recorded by drivers and automatically subtracted a standard lunch period....if UPS failed to report the
28 | actual number of hours worked on Plaintiffs' wage statements, then the company violated section 226"].)

Statement and Penalty Subclass made it impossible for them to "promptly and easily determine from the wage statement alone" the information required by these sections of Labor Code 226(a) (1, 2, 3, 5, and 9).

## VI. PLAINTIFFS AND THE WAITING TIME SUBCLASS ARE ENTITLED TO PARTIAL SUMMARY JUDGMENT ON THE FOURTH CAUSE OF ACTION FOR WAITING TIME PENALTIES

Labor Code § 203 provides "if an employer willfully fails to pay . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty. . ." for up to 30 days. Labor Code § 203; *Mamika v. Barca*, (1998) 68 Cal.App.4th 487, 492.

Since the California Supreme Court's landmark rulings in *Murphy* and *Kirby v. Immoos Fire Prot., Inc.* (2012) 53 Cal. 4th 1244, courts have routinely found that meal and rest period premiums constitute unpaid wages for the purposes of Labor Code § 203. (*See e.g. Brewer v. Gen. Nutrition Corp.* (N.D. Cal. Aug. 27, 2015) No. 11-CV-3587 YGR, 2015 WL 5072039, at *19 [denying defendant's motion for summary judgment because "the premium payments due under section 226.7 are to be considered "wages" for purposes of sections 203 and 226."]; *Abad v. Gen. Nutrition Centers, Inc.* (C.D.Cal. Mar. 7, 2013) No. SACV 09–00190–JVS, 2013 WL 4038617, at *3–4 [distinguishing *Kirby,* and finding "Plaintiffs' section 203 claim for failure to pay wages…can be based on amounts owed under section 226.7."; *In re Autozone, Inc.*, 2016 U.S. Dist. LEXIS 105746 *23 (N.D. Cal. Aug. 10, 2016) (denying the defendant's motion for summary judgment on the plaintiff's claim for waiting time penalties based upon the failure to provide rest period premiums and finding that the California Court of Appeals decision in *Ling vs. P.F. Chang's China Bistro, Inc.* 245 Cal. App. 4th 1242 (2016) "concerned only whether 'a section 203 waiting time claim based on section 226.7 premium pay is an action brought for the non-payment of wages under section 218.5'").

In addition to *Brewer, Abad*, and *Autozone*, **14 other courts have also determined that meal and rest period premiums constitute wages for the purposes of Labor Code § 203**. *See Finder v. Leprino Foods Co.*, No. 1:13-CV-2059 AWI-BAM,

2015 WL 1137151, at *8 (E.D. Cal. Mar. 12, 2015) ("This court concludes that Section 226.7 premiums are wages within the meaning of Sections 201 and 202. Though Plaintiff has failed to make sufficient factual allegations to state a claim for penalties under Section 203, this legal theory is viable and dismissal will be granted with leave to amend."]; *Espinoza v. Domino's Pizza, LLC*, No. EDCV07-1601-VAP(OPx), 2009 WL 882845, at * 14 (C.D.Cal. Feb.18, 2009) (recognizing that, under *Murphy,* payments for missed meal periods "would be wages due at the termination of employment pursuant to section 203"); *Swanson v. US Protect Corp..* C 05-602JF(HRL), 2007 WL 1394485, at *4–5 (N.D. Cal. May 10, 2007) No (rejecting defendant's argument that amounts owed under section 226.7 are not wages and thus not covered under section 203); *Seckler v. Kindred Healthcare Operating Group, Inc.* No. SACV 10-01188 DDP, 2013 WL 812656, at *6 (C.D. Cal. Mar. 5, 2013) (certifying a waiting time class of employees who were "paid for at least one missed meal period payment at the base rate instead of the regular rate to which they were entitled.");Wert v. U.S. Bancorp., 2014 W.L. 7330891 (S.D. Cal. 2014) ("Defendants also argue that Plaintiff's § 203 waiting-time-penalty claim is also futile because it is predicated on a futile § 226.7 claim. Because Defendants fail to demonstrate that the proposed § 226.7 claim is futile in its entirety, they also fail to demonstrate that any proposed § 203 claim as predicated on the § 226.7 claim is also futile."); *Pena v. Taylor Farms Pac., Inc.* No. 2:13-CV-01282-KJM-AC, 2014 WL 1665231, at *8 (E.D. Cal. Apr. 23, 2014); *Parson v. Golden State FC, LLC,* No. 16-cv-00405-JST, 2016 U.S. Dist. LEXIS 58299, 2016 WL 1734010, at *3-5 (N.D. Cal. May 2, 2016) (finding that a failure to pay rest period premiums can support claims under Labor Code §§ 203 and 204); *Rodriguez v. Cleansource, Inc.*, No. 14-CV-0789-L DHB, 2015 WL 5007815, at *10 (S.D. Cal. Aug. 20, 2015) (rejecting defendant's argument that amounts owed under section 226.7 are not wages and thus not covered under section 203); *Lopez v. United Parsel Serv., Inc.* No. C 08-05396 SI, 2010 WL 728205, at * 10 (N.D.Cal. Mar.1, 2010); *Westerlund v. Landmark Aviation*, No. CV09-0686 GW PLAX, 2010 WL 3171044, at *4 (C.D. Cal. Aug. 9, 2010) (confirming an

arbitration award of waiting time penalties based solely upon the claimants missed meal period claims); *Stevenson v. Dollar Tree Stores, Inc.* No. CIV S-11-1433 KJM, 2011 WL 4928753, at *4 (including waiting time penalties based solely on the plaintiff's meal period claim when determining the amount in controversy); *In re Bank of America Wage and Hour Emp't Litig.* No. 10-MD-2138-JWL, 2010 WL 4180567, at * 10 (D. Kan. Oct. 20, 2010); *Guifi Li v. A Perfect Day Franchise, Inc.* 2012 U.S. Dist. LEXIS 83677 at *26 (N.D. Cal. June 15, 2012); *Ricaldai v. U.S. Investigations Servs., LLC,* (C.D. Cal. 2012) 878 F.Supp.2d 1038, 1047 (C.D. Cal. 2012).

As with the overwhelming majority of courts, the Division of Labor Standards Enforcement also determined after *Murphy* that employees owed meal and rest break premiums under Labor Code § 226.7 were entitled to penalties under Labor Code § 203. Deputy Chief Lupe Almaraz sent a Memorandum to all DLSE Staff on April 16, 2007 stating that "employees who are owed LC 226.7 pay at time of termination, to recover waiting time penalties pursuant to LC 203 if all final wages are not paid in accordance with LC 201/202." [*See* Request for Judicial Notice, ¶ 15, Exhibit O].

Given that Reddaway has known since at least the filing of the Complaint on June 30, 2015 that it was required to pay its line-haul drivers separately for rest periods under California law, no genuine dispute exists that at least from June 30, 2015 to the date that May 2016 MOU was implemented that Reddaway *willfully* failed to properly compensate former employees. Therefore, this Court should follow the guidance of the overwhelming majority of courts and the DLSE in finding that Plaintiffs are entitled to waiting time penalties based upon Reddaway's willful failure to provide rest period premiums, and based on the fact that Reddaway failed to pay hourly and separately for pre- and post-trip inspections to departing employees, and was made aware of their need to do so by Plaintiff Watkins' PAGA letter sent to Reddaway on June 25, 2015. [SUF No. 37].  As a matter of law, these notifications to Reddaway coupled with Defendant's failure to pay separately and hourly for inspections and rest breaks following the PAGA

letter and the filing of the Complaint are sufficient to establish that Defendant willfully failed to pay departing employees all wages due in violation of Labor Code section 203.

## VII.   PLAINTIFFS AND THE WAGE STATEMENT AND PENALTY SUBCLASS ARE ENTITLED TO PARTIAL SUMMARY JUDGMENT ON THEIR FIFTH CAUSE OF ACTION FOR PAGA PENALTIES

The Private Attorney General Act of 2004 ("PAGA" - Labor Code §§ 2699-2699.5) allows an aggrieved employee to bring suit against an employer for violations of most Labor Code provisions. Suits brought under PAGA do not affect the employee's right to recover other remedies under state or federal law. Labor Code § 2699(g); *Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal. App. 4th 365, 375 (2005). The statute of limitations for PAGA suits is one year. Plaintiffs seek partial summary judgment on liability with respect to their claim for PAGA penalties based upon Defendant's violations of Labor Code §§ 226, 226.2, 226.7, and 558.

Section 558 of the California Labor Code provides:

> (a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee. Under the Labor Code Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2699, *et seq.*, private parties may recover civil penalties for violations of the California Labor Code. These penalties are in addition to any other relief available under the Labor Code.

By virtue of each of Reddaways's Labor Code violations described herein, Plaintiff Watkins and the members of the putative Wage Statement and Penalty Subclass are, in addition to other remedies, entitled to civil penalties under PAGA.

### A. **The Administrative Procedures for Plaintiff Watkins' PAGA Claim Have Been Duly Satisfied**

Under Section 2699.3(a)(1) of the Labor Code, prior to bringing suit, a plaintiff "shall give written notice by certified mail to the LWDA and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation." This requirement has been duly satisfied, as Plaintiff Watkins gave notice to the LWDA on June 25, 2015 of the Labor Code provisions alleged to have been violated. [SUF No. 34]. Section 2699.3(2)(a) of the Labor Code required the LWDA to notify the employee or representative within 33 calendar days of the date of the PAGA notice that it does not intend to investigate. The LWDA did not do so.  All PAGA administrative prerequisites were thus satisfied.

### B. **Plaintiff Watkins and the Wage Statement and PAGA Penalty Subclass Are Entitled to Partial Summary Judgment with Respect to Liability for PAGA Penalties Based on Defendant's Violations of Labor Code 226(a)**

Unlike a claim for penalties under Labor Code § 226(e), to state a claim for relief under PAGA for violations of Labor Code § 226(a), a plaintiff only needs to show that the defendant violated Labor Code § 226(a). *See Willner v. Manpower Inc.* 35 F. Supp. 3d 1116, 1136 (N.D. Cal. 2014) (To obtain judgment on a PAGA claim, "all [plaintiff] needs to establish is a violation of section 226(a), which she has done, as discussed above."); *McKenzie v. Fed. Exp. Corp.* 765 F.Supp.2d 1222, 1232 (C.D. Cal. 2011) (holding that "for the purposes of recovering PAGA penalties, one need only prove a violation of Section 226(a), and need not establish a Section 226(e) injury."); *Aguirre v. Genesis Logistics*, 2013 U.S. Dist. LEXIS 189815, at *28 (C.D. Cal. July 3, 2013) ("Plaintiffs do not need to establish a Cal. Labor Code § 226(e) injury to recover penalties under § 2699(f) of PAGA.").[17]

---

[17] *See York v. Starbucks Corp.*, No. CV 08-07919 GAF PJWX, 2012 WL 10890355, at *2 (C.D. Cal. Nov. 1, 2012) (granting summary adjudication to the plaintiff on his PAGA claim based upon violations of Lab. Code § 226(a) because "the presence or absence of injury is irrelevant to the standing inquiry under PAGA."); *accord Pelton v. Panda Restaurant Group, Inc.* (C.D. Cal., May 3, 2011, CV 10-8458 MANx) 2011 WL 1743268; *Lopez v. G.A.T. Airline Ground Support, Inc.* (S.D. Cal., July 19, 2010, 09-CV-2268-IEG) 2010 WL 2839417, *5-6.

As explained in detail above, the itemized wage statements issued by Defendant Reddaway to Plaintiffs and the Itemized Wage Statement and PAGA classes do not include the information required by Labor Code § 226(a) (1, 2, 3, 5, and 9). In addition to the foregoing violations, the itemized wage statements issued by Reddaway from June 30, 2012 through the present also do not include the beginning date of each pay period, as required by Labor Code § 226(a)(6). [SUF No. 31]. Since the wage statements issued by Defendant Reddaway from June 30, 2012 through the present do not include the beginning date for the pay period or accurately indicate the information required by Labor Code § 226(a) (1, 2, 3, 5, and 9), Plaintiffs are entitled to partial summary judgment on Reddaway's liability on wage statement-related PAGA claims.

**C.** **Plaintiff Watkins and the Wage Statement and PAGA Subclass Are Entitled to Partial Summary Judgment on Their Claim for PAGA Penalties Under Labor Code §§ 226.2, 226.7, 558, And 1194**

In addition to seeking PAGA penalties based upon Defendant Reddaway's failure to provide accurate itemized wage statements, Plaintiffs also seek derivative PAGA penalties based upon Defendant's failure to provide lawful rest periods or to separately compensate employees for inspection time in violation of Labor Code §§ 226.2 and 226.7.   If, as explained above, the Court determines Plaintiffs are entitled to partial summary judgment based on their rest period and minimum wage claims, Plaintiffs and the Itemized Wage Statement and PAGA Penalty Subclass are also entitled to recover rest period premiums and minimum wages under Labor Code § 558. Labor Code § 558 imposes a penalty upon employers "who violates, or causes to be violated…any provision regulating hours and days of work in any order of the Industrial Welfare Commission." An employee may recover on behalf of themselves and all other aggrieved employees unpaid wages and rest period premiums. *See Thurman v. Bayshore Transit Mgmt., Inc.*, 203 Cal. App. 4th 1112 (2012). Because Plaintiffs and the Wage Statement and Penalty Subclass are entitled to partial summary judgment on their rest period and minimum wage claims as explained above, they are also entitled, as a matter of law, to summary judgment for PAGA penalty claims based on Reddaway's violations of the same Labor Code provisions.

**VIII.  <u>PLAINTIFFS AND THE CLASS ARE ENTITLED TO PARTIAL SUMMARY JUDGMENT ON THEIR SIXTH CAUSE OF ACTION FOR UNFAIR COMPETITION</u>**

In California, wage and hour claims may be brought under the Unfair Competition Law ("UCL" – Cal. Bus. & Prof. Code §§ 17200-17210). Unfair competition includes "any unlawful, unfair or fraudulent business act or practice," which courts have held includes Labor Code violations. A remedy under the UCL does not preclude any other available remedies under state law. The statute of limitations for claims under the UCL is four years as opposed to the three-year period available under the Labor Code; thus the actionable period for this cause of action is, in fact, June 30, 2011 through the present. The UCL provides for restitution in the form of back pay and premiums that were unlawfully withheld from employees' wages, as well as prejudgment interest.

By failing to pay the Class for rest breaks and inspection time and committing the each of the above-described Labor Code violations on the FIRST and SECOND cause of action, Defendant engaged in unfair business practices, and is therefore liable to the Class under the UCL. Importantly, this cause of action lengthens the statute of limitation of the labor code claims pertaining to the Class to 4 years.

**IX.  <u>CONCLUSION</u>**

For the reasons stated, the Court should grant Plaintiffs' Motion for Partial Summary Judgment on a class-wide basis to Plaintiffs and the Class on the First, Second and Sixth Cause of Action, and to the Subclasses on the Third, Fourth and Fifth Causes of Action in the FAC.

Respectfully submitted,

ACKERMANN & TILAJEF, P.C.
HAMMONDLAW, P.C.

Date:  July 18, 2017        */s/Craig J. Ackermann, Esq.*
Craig J. Ackermann
Co-Counsel for Plaintiffs, the Class and Subclasses