ACKERMANN & TILAJEF, P.C.
  Craig J. Ackermann, CA Bar No. 229832
  Sam Vahedi, CA Bar No. 282660
1180 South Beverly Drive, Suite 610
Los Angeles, CA 90035
Telephone: (310) 277-0614
Facsimile: (310) 277-0635

HAMMONDLAW, P.C.
Julian Hammond, CA Bar No. 268489
1829 Reisterstown Rd. Suite 410
Baltimore, MD 21208
Telephone: (310) 601-6766
Facsimile: (310) 295-2385

Attorneys for Plaintiffs and the putative class

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MOSS; and JAMIEL WATKINS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>USF REDDAWAY, INC.,<br><br>Defendant. | Case No. 5:15-CV-01541-JAK-FFM<br>[Class Action]<br><br>**PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:      October 2, 2017<br>Time:      8:30 a.m.<br>Courtroom: 10B<br>Judge:     Hon. John A. Kronstadt |

Plaintiffs Robert Moss and Jamiel Watkins (hereafter "Plaintiffs"), on behalf of themselves and the Class and Subclasses certified by the Court in its Certification Order on June 30, 2017, hereby submit their Separate Statement of Uncontroverted Facts and Conclusions of Law in support of their motion for partial summary judgment.

## I. PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT ON THEIR FIRST CAUSE OF ACTION FOR FAILURE TO PAY SEPARATELY AND HOURLY FOR PRE- AND POST TRIP INSPECTION TIME

| Undisputed Facts | Supporting Evidence |
|---|---|
| 1. Defendant USF Reddaway, Inc.'s ("Reddaway") compensation system applicable to its current and former California line haul drivers in the putative Class is set forth in its governing collective bargaining agreements ("CBAs") with the Teamsters' Union | Court's Order Re Plaintiffs' Motion for Class Certification [Dkt. No. 80] § C, ¶ 1; Deposition of John R. Croslin, Defendant's Rule 30(b)(6) corporate designee, also attached as **Exhibit B** to the Declaration of Craig J. Ackermann ("Ackermann Decl.") submitted herewith ("Reddaway 30(b)(6) Depo"), at at 16:10-18. |
| 2. Throughout the Class Period, regardless of whether or not they were union members, or whether or not their terminal was unionized, Reddaway's California line haul drivers have all been subject to a uniform compensation plan set forth in the governing CBAs. | Court's Order Re Plaintiffs' Motion for Class Certification [Dkt. No. 80] § C, ¶ 1; Reddaway 30(b)(6) Depo, at 19:24-25 to 20:1-14. |
| 3. On February 12, 2007, the USF Reddaway Western Contract ("the 2007 CBA") took effect, and it remained in force until January 13, 2013, when it was superseded by the Master Agreement and Supplemental Agreements between the Western Region of Teamsters and Reddaway, Inc. ("the 2013 CBA"). | Court's Order Re Plaintiffs' Motion for Class Certification [Dkt. No. 80] § C, ¶ 2; Reddaway 30(b)(6) Depo. at 16:19-25 to 17:1-18, 23:12-21 and 23:22-25 to 24:1, Exhibit 15 thereto (the "2007 CBA") (also attached as **Exhibit C** to the Ackermann Decl.); Reddaway 30(b)(6) Depo. at 56:19-25; The 2013 CBA: Docket No. 59-2 – Declaration of defense counsel, Pankit Doshi, in support of Reddaway's Opposition to Plaintiffs' Motion for Class Certification, ¶ 15; Exhibit 14 thereto (also attached as **Exhibit D** to the Ackermann Decl.). |

| | |
|---|---|
| 4.     On January 17, 2014, the 2013 CBA's term was extended to March 31, 2019. | Court's Order Re Plaintiffs' Motion for Class Certification [Dkt. No. 80] § C, ¶ 2; Reddaway 30(b)(6) Depo. at 17:14-18. |
| 5.     From June 30, 2011 to the present, there have been two CBAs setting forth Reddaway's policies: the 2007 and the 2013 CBAs. | Court's Order Re Plaintiffs' Motion for Class Certification [Dkt. No. 80] § C, ¶ 1; Reddaway 30(b)(6) Depo. at 18:11-16. |
| 6.     Both Reddaway and its current and former California line haul drivers are, and have been, bound to follow the policies in the CBAs, copies of which were posted in all California terminals. | Court's Order Re Plaintiffs' Motion for Class Certification [Dkt. No. 80] § C, ¶ 1; Reddaway 30(b)(6) Depo. at 24:15-25 to 25:1; Reddaway 30(b)(6) Depo. at 29:12-20. |
| 7.     The two governing CBAs contain identical compensation plans applicable to the Class. | Court's Order Re Plaintiffs' Motion for Class Certification [Dkt. No. 80] § D(1); Reddaway 30(b)(6) Depo. at 19:5-17, 59:21-25 to 60:1-4. |
| 8.     Article 1.01 of the CBAs states that the agreements apply to all "over the road drivers" – including the California line haul drivers in the Class – as well as to Reddaway's hourly drivers, also called "pick-up-and-delivery" or "P&D" drivers, and to its "hostlers," who move trucks around Reddaway's yards and terminals. | Court's Order Re Plaintiffs' Motion for Class Certification [Dkt. No. 80] § D(1); Reddaway 30(b)(6) Depo. at 24:1-8, Exhibit 15 (also attached as **Exhibit C** to the Ackermann Decl.); Reddaway 30(b)(6) Depo. at 57:12-16; The 2013 CBA: Docket No. 59-2 – Declaration of defense counsel, Pankit Doshi, in support of Reddaway's Opposition to Plaintiffs' Motion for Class Certification, ¶ 15; Exhibit 14 thereto (also attached as **Exhibit D** to the Ackermann Decl.), at Art.1, 1.01. |
| 9.     Throughout the Class Period, the CBAs provided and Reddaway's uniform compensation policy for line haul drivers on mileage runs was that "[a]ll line haul drivers are paid a combination of mileage | Court's Order Re Plaintiffs' Motion for Class Certification [Dkt. No. 80] § D(1); *Id.* at § C, ¶ 1; Reddaway 30(b)(6) Depo. at 40:1-17, Exhibit 15 (also attached as **Exhibit C** to the Ackermann Decl.), Art. 34(a) and (c); and Reddaway 30(b)(6) |

| | |
|---|---|
| rate and hourly time, except as noted below." | Depo. at 59:21-25 to 60:1-4; The 2013 CBA: Docket No. 59-2 – Declaration of defense counsel, Pankit Doshi, in support of Reddaway's Opposition to Plaintiffs' Motion for Class Certification, ¶ 15; Exhibit 14 thereto (also attached as **Exhibit D** to the Ackermann Decl.), Art. 34(a) and (c)). |
| 10.    The "mileage rate" consisted of a designated amount of "cents per mile," while hourly pay that was available was paid only for time spent by line haul drivers on certain designated activities that were itemized in the CBAs. | Court's Order Re Plaintiffs' Motion for Class Certification [Dkt. No. 80] § D(1); Reddaway 30(b)(6) Depo. at 36:15-20. |
| 11.    Reddaway's uniform compensation system for line haul drivers as set forth in the CBAs indisputably contains no provision for separate and hourly pay on mileage runs for time spent by drivers on rest periods, because, as Article 34(c) of the CBAs clearly states: "The mileage rates shall include the following activities: *pre-trip inspections *hazmat inspections *post-trip inspections *all paperwork and breaks *first half hour of impassable highway *front trailer, tractor, and leady dolly hostled at destination terminal." | Court's Order Re Plaintiffs' Motion for Class Certification [Dkt. No. 80] § D(2), ¶ 1; Reddaway 30(b)(6) Depo. at 42:18-25, 43:1-25, 44:1-25, 45:1-9, Exhibit 15 (also attached as **Exhibit C** to the Ackermann Decl.), Art. 34(c); Reddaway 30(b)(6) Depo. at 61:10-19; The 2013 CBA: Docket No. 59-2 – Declaration of defense counsel, Pankit Doshi, in support of Reddaway's Opposition to Plaintiffs' Motion for Class Certification, ¶ 15; Exhibit 14 thereto (also attached as **Exhibit D** to the Ackermann Decl.), Art. 34(c); Reddaway 30(b)(6) Depo. at 53:9-20. |
| 12.    Reddaway's corporate designee conceded that line haul drivers' time spent on rest breaks was incorporated into the mileage rate. | Court's Order Re Plaintiffs' Motion for Class Certification [Dkt. No. 80] § D(2), ¶ 2; Reddaway 30(b)(6) Depo. at 54:1-5, 54:17-21, 55:15-19, 66:17-20. |

| | |
|---|---|
| 13. Article 33.10 of the 2007 CBA set forth Reddaway's meal and rest period policies applicable to Plaintiffs and the putative Class Members, i.e., the California line haul drivers, during the Class Period. | Court's Order Re Plaintiffs' Motion for Class Certification [Dkt. No. 80] § E(2), ¶ 1; Reddaway 30(b)(6) Depo. at 25:2-20, Exhibit 15 (also attached as **Exhibit C** to the Ackermann Decl.), Art. 33.10; Reddaway 30(b)(6) Depo. at 57:24-25 to 58:1-25 to 59:1. |
| 14. Pursuant to Reddaway's policy, drivers are entitled to take two rest periods of ten minutes each per day. | Court's Order Re Plaintiffs' Motion for Class Certification [Dkt. No. 80] § E(2), ¶ 1; Reddaway 30(b)(6) Depo. at 25:21-25 to 26:1. |
| 15. Reddaway's supervisors, managers and dispatchers were made aware of Reddaway's rest break policy as applied to the California line haul drivers. | Court's Order Re Plaintiffs' Motion for Class Certification [Dkt. No. 80] § E(2), ¶ 2; Reddaway 30(b)(6) Depo. At 27:16-25 to 28:1-3. |
| 16. Reddaway's rest break policy was the same for both union and non-union drivers. | Court's Order Re Plaintiffs' Motion for Class Certification [Dkt. No. 80] § E(2), ¶ 1; Reddaway 30(b)(6) Depo. at 29:21-24. |
| 17. Reddaway admits that it has never paid hourly and separately for any of its line haul drivers' time spent on rest periods. | Court's Order Re Plaintiffs' Motion for Class Certification [Dkt. No. 80] § E(2), ¶ 1; Reddaway 30(b)(6) Depo. At 30:14-17; 53:9-20. |
| 18. Reddaway contends that it paid for California line haul drivers' rest periods solely by virtue of the fact that pay was "part of the mileage pay." | Court's Order Re Plaintiffs' Motion for Class Certification [Dkt. No. 80] § D(2), ¶ 2; Reddaway 30(b)(6) Depo. at 30:5-9. |
| 19. Reddaway never advised its California line haul drivers of their right to separate and hourly pay for time spent on their rest periods. | Reddaway 30(b)(6) Depo. at 31:5-10. |
| 20. Class members were never advised that they could receive an hour of premium pay for not being provided a rest period that included separate and hourly pay for the rest break time. | Reddaway 30(b)(6) Depo. at 33:3-8. |

| Undisputed Facts | Supporting Evidence |
|---|---|
| 21. In May 2016, Defendant and the Union negotiated and signed the MOU pursuant to which the payment terms under the 2013 CBA were modified such that the mileage rates for the line haul drivers were reduced, and drivers were to be paid separately for rest periods, inspections and other non-driving tasks on an hourly basis. | Court's Order Re Plaintiffs' Motion for Class Certification [Dkt. No. 80] § F; Reddaway 30(b)(6) Depo. at 86:9-25 to 87:1-16; 90:1-92:21; 93:23-94:11, Exhibit 19, thereto (also attached as **Exhibit E** to the Ackermann Decl.). |
| 22. In October 2016, Reddaway attempted to implement the new pay practices, but they were put on hold due to computer glitches. | Court's Order Re Plaintiffs' Motion for Class Certification [Dkt. No. 80] § F; Reddaway 30(b)(6) Depo. at 87:25 to 88:1-7; 88:8-12. |

## II. PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT ON THEIR SECOND CAUSE FOR FAILURE TO PAY REST PERIOD PREMIUMS

Plaintiffs incorporate each of the undisputed facts in the preceding section as through fully set forth herein.

## III. PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT ON THEIR THIRD CAUSE OF ACTION FOR FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

Plaintiffs incorporate each of the undisputed facts in the preceding sections as through fully set forth herein.

| Undisputed Facts | Supporting Evidence |
|---|---|
| 23. Throughout the Class Period, under both the 2007 CBA and the 2013 CBA, Reddaway issued wage statements to the Class once every two weeks. | Court's Order Re Plaintiffs' Motion for Class Certification [Dkt. No. 80] § E(3), ¶ 1; Reddaway 30(b)(6) Depo. at 15:21-25 to 16:1, Exhibit 15 (also attached as **Exhibit C** to the Ackermann Decl.), Art. 10; Reddaway 30(b)(6) Depo. at 57:17-23. |

| | |
|---|---|
| 24.   The form of the wage statements issued to line haul drivers was unchanged from June 30, 2011 until sometime in 2015, at which time the only change was as to information concerning contributions to a driver's 401(k) retirement account. There has been no other change to the form since that time. | Court's Order Re Plaintiffs' Motion for Class Certification [Dkt. No. 80] § E(3), ¶ 1); Reddaway 30(b)(6) Depo. at 76:7-24. |
| 25.   From at least June 26, 2013—one year prior to the filing of the complaint—through until at least October 2016, the wage statements issued to line haul drivers in California have also never included time spent on rest periods as a separate category. | Court's Order Re Plaintiffs' Motion for Class Certification [Dkt. No. 80] § E(3), ¶ 2); Reddaway 30(b)(6) Depo. at 80:2-6. |
| 26.   The wage statements issued by Reddaway from June 26, 2013—one year prior to the filing of the complaint—until October 2016 did not contain complete and accurate information concerning the number of total hours each driver worked. Rather, the wage statements issued to Plaintiff and the other drivers contained entries for "regular hours," meaning the total of the specific hourly-time for which Reddaway authorizes separate and hourly pay, and "converted hours", i.e., the number of miles driven divided by 50 | Court's Order Re Plaintiffs' Motion for Class Certification [Dkt. No. 80] § E(3), ¶¶ 1-2); Reddaway 30(b)(6) Depo. at 80:7-25 to 81:1-4; 81:12-17;[1] 82:7-12. |

---

[1] 81:12-17: "Q. … has there ever been, from June 30, 2011 through the present, a category that has the total hours worked by drivers on any of the wage statements issued to the line haul drivers in California? A. What you're seeing [in Exhibit 17] is what they've received. There's nothing else out there."

- 7 -
PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| miles per hour, which is designed to give an approximation of total hours driven. | |
| 27.     Reddaway has never included the hours worked on non-productive time such as the first half hour of impassable highways among the "hourly time" listed on the wage statements. | Court's Order Re Plaintiffs' Motion for Class Certification [Dkt. No. 80] § E(3), ¶ 2); Reddaway 30(b)(6) Depo. at 83:16-25 to 84:1-3, and 86:3-7. |
| 28.     From at least June 26, 2013 through December 5, 2016, the wage statements issued to line haul drivers in California have also never included time spent on rest periods as a separate category. | Court's Order Re Plaintiffs' Motion for Class Certification [Dkt. No. 80] § E(3), ¶ 2); Reddaway 30(b)(6) Depo. at 80:2-6. |
| 29.     The wage statements issued by Reddaway throughout the Class Period lacked information about the drivers' total actual hours worked; instead, they contained entries for "regular hours", meaning the total of the specific hourly-time for which Reddaway authorizes separate and hourly pay, and "converted hours", i.e., the number of miles driven divided by 50 miles per hour, which is designed to give an approximation of total hours driven. | Court's Order Re Plaintiffs' Motion for Class Certification [Dkt. No. 80] § E(3), ¶¶ 1-2); Reddaway 30(b)(6) Depo. at 80:7-25 to 81:1-4; 81:12-17[2]; 82:7-12 (for 95% of non-shuttle routes, Reddaway's wage statements issued to line haul drivers in California have never included the total hours worked). |
| 30.     Reddaway has never included the hours worked on non-productive time such as the first half hour of impassable highways among the "hourly time" listed on the wage statements. | Court's Order Re Plaintiffs' Motion for Class Certification [Dkt. No. 80] § E(3), ¶ 2); Reddaway 30(b)(6) Depo. at 83:16-25 to 84:1-3, and 86:3-7). |

---

[2] 81:12-17: "Q. … has there ever been, from June 30, 2011 through the present, a category that has the total hours worked by drivers on any of the wage statements issued to the line haul drivers in California? A. What you're seeing [in Exhibit 17] is what they've received. There's nothing else out there."

PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| 31.     Reddaway's wage statements issued to the Class contain information about the "period ending", but they did not contain any information about the beginning date of the pay periods covered by the wage statements, so drivers could not tell from the wage statements what the beginning date was of each pay period. | Court's Order Re Plaintiffs' Motion for Class Certification [Dkt. No. 80] § E(3), ¶ 1); Reddaway 30(b)(6) Depo. at 77:12-16; Exhibits 17 and 18 thereto (Also attached as **Exhibit F** to the Ackermann Decl.); *Id*. at 78:1-5. |
| 32.     For all line haul drivers in California whose employment with Reddaway has ended during the Class Period, Reddaway admits it has never paid them separately and hourly at any time for the time they spent on their rest breaks and performing inspections, including in connection with their final paychecks or thereafter. | Court's Order Re Plaintiffs' Motion for Class Certification [Dkt. No. 80] § E(2), ¶ 1; Reddaway 30(b)(6) Depo. at 99:20-25 and 100:1-7. |
| 33.     Reddaway not only failed to pay employees rest period premiums when they did not receive a compliant rest period, but its written rest period policy in effect from January 7, 2013 to March 31, 2015 expressly denied the right of employees who did not receive rest periods to recover rest period premiums. | Court's Order Re Plaintiffs' Motion for Class Certification [Dkt. No. 80] § E(2), ¶ 2; The 2013 CBA: Docket No. 59-2 – Declaration of defense counsel, Pankit Doshi, in support of Reddaway's Opposition to Plaintiffs' Motion for Class Certification, ¶ 15; Exhibit 14 thereto (also attached as **Exhibit D** to the Ackermann Decl.), Section 33.10 |
| 34.     On June 25, 2015, Plaintiff Watkins sent a letter to Reddaway and the LWDA, advising them that Reddaway was issuing inaccurate itemized wage statements to himself and the Proposed Wage Statement Class that did not properly indicate the gross wages earned, the total wages earned by the employee, the net wages | Declaration of Craig J. Ackermann, ¶ 2; **Exhibit A** thereto. |

| | |
|---|---|
| earned, or all applicable hourly rates in effect; the letters were delivered on July 14th and 15th, 2015. | |
| 35.    On July 8, 2015, Plaintiff served Defendant with a copy of the Complaint that again advised Reddaway that is wage statements violated Labor Code § 226(a)(1), (2), (3), (5), and (9) by failing to include rest period premiums and minimum wages owed to Plaintiff and the Itemized Wage Statement Subclass. | Declaration of Craig J. Ackermann, ¶ 3; **Exhibit B** thereto. |
| 36.    The wage statements issued to Watkins and Moss are typical of those issued to the members of the Class. | Reddaway 30(b)(6) Depo. at 30(b)(6) Depo. at 76:1-13 - 77:1-16; Exs. 17 & 18 to 30(b)(6) Depo., Dkt. 45-7 (Watkins and Moss Wage Statements). |

### IV.    REDDAWAY IS LIABLE FOR WAITING TIME PENALTIES UNDER TO LABOR CODE § 203;

Plaintiffs incorporate each of the undisputed facts in the preceding sections as through fully set forth herein.  In addition, Plaintiff adds the following relevant facts:

| | |
|---|---|
| 37.    On June 25, 2015, Plaintiff Watkins sent a letter to Reddaway and the LWDA, advising them that Reddaway had failed to pay line haul drivers all wages due, including for their time spent on pre- and post-tip inspections and their time spent on rest periods; the letters were delivered on July 14th and 15th, 2015. | Declaration of Craig J. Ackermann, ¶ 2; **Exhibit A** thereto. |

PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| 38. On June 30, 2016, according to the Department of Industrial Relations' website, Defendant filed for the safe-harbor in Labor Code section 226.2, but it never paid out the safe-harbor amounts to its line haul drivers in California | Plaintiff's Request for Judicial Notice in support of motion for partial summary judgment, No. 2 pieceratelisting.asp |

## V. REDDAWAY IS LIABLE FOR PENALTIES PURSUANT TO PAGA FOR THE TIME PERIOD OF JUNE 26, 2013 THROUGH SEPTEMBER 30, 2016

Plaintiffs incorporate each of the undisputed facts in the preceding sections as through fully set forth herein.

## VI. REDDAWAY IS LIABLE FOR VIOLATIONS OF BUS. & PROF. CODE § 17200 FOR THE PERIOD OF JUNE 26, 2010 THROUGH THE PRESENT

Plaintiffs incorporate each of the undisputed facts in the preceding sections as through fully set forth herein.

Respectfully submitted,
ACKERMANN & TILAJEF, P.C.
HAMMONDLAW, PC

Date: July 18, 2017            */s/Craig J. Ackermann, Esq.*
                                Craig J. Ackermann,
                                Co-Counsel for Plaintiffs