UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MOSS; and JAMIEL WATKINS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>USF REDDAWAY, INC.,<br><br>Defendant. | Case No. 5:15-CV-01541-JAK-FFM<br><br>**FINAL JUDGMENT**<br><br>**JS-6** |

- 1 -

The Court, having granted final approval of the Class Action Settlement (the "Settlement") between ROBERT MOSS and JAMIEL WATKINS (collectively, "Plaintiffs") and USF REDDAWAY INC. ("Defendant"), through its Order Granting Plaintiffs' Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees and Costs (the "Final Approval Order"), hereby **ORDERS, ADJUDGES, AND DECREES** as follows:

1. Final Judgment in this matter is entered in accordance with the Settlement and the Final Approval Order. Unless otherwise provided herein, all capitalized terms used herein shall have the same meaning as defined in the Settlement.

2. All Class Members are hereby bound by the Final Approval Order.

3. The Court has personal jurisdiction over all members of the settlement "Class" and Subclasses as defined in the Settlement, and the Final Approval Order, and the Court has subject matter jurisdiction to approve the Settlement (including all Exhibits and the Amendment thereto). The Settlement, including the definitions applicable to the Settlement, is incorporated by reference into this Final Judgment.

4. The terms of the Settlement and Final Judgment are binding on Plaintiffs and all other Class Members, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have *res judicata*, collateral estoppel and all other preclusive effect in all pending and future claims, lawsuits or other proceedings (governmental, administrative, regulatory or otherwise), including all forms of alternative dispute resolution, maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that have been raised in this Action as provided by the Settlement. No Class Members timely excluded themselves from the Class, and thus all Class Members are bound by the Release of the Released Parties as set forth in the Settlement.

5. In accordance with the Settlement, as of the Effective Date (as defined in the Settlement), Plaintiff and all Class Members are deemed to have conclusively

released Defendant and each of its past or present officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, and their respective successors and predecessors in interest, subsidiaries, affiliates, parent companies and attorneys, and/or any individual or entity which could be jointly liable with Defendant (the "Released Parties") from any and all liabilities, demands, claims, causes of action, complaints and obligations, whether known or unknown, against the Released Parties arising during the Class Period that are or that could have been pled in the initial Complaint or the operative First Amended Complaint ("FAC"), based on the facts alleged in the causes of action in the Complaint and/or FAC, relating to the payment or non-payment of wages and alleging violations of federal, state or local law or administrative order, including Industrial Welfare Commission Wage Order No.9, sections 11 and 12 and California Labor Code sections 201, 202, 203, 204, 226, 226.2, 226.7, 510, 512, 558, 1194, 1194.2, 1197, 1197.1, 2698-2699, including the failure to pay wages for hours worked, minimum wage claims, rest break violations, waiting time penalties, wage statement claims, Unfair Competition Law violations, PAGA penalties and any other claims whatsoever that were alleged in the Action or which arise out of or directly or indirectly relate to such facts alleged in this Action, including without limitation all related claims for restitution and other equitable relief, conversion, liquidated damages, punitive damages and any other related claims and/or penalties of any nature whatsoever.

6. Notwithstanding the foregoing, if any Class or Subclass Members also worked at any time for YRC Inc. d/b/a YRC Freight, then their claims for time spent working for YRC Inc. d/b/a YRC Freight as alleged in the pending case of *Hogue v. YRC Inc.*, Case No. 5:16-cv-01338-CJC-JEM (C.D. Cal.) are not released by this Settlement Agreement. Furthermore, the Settlement shall not release any person, party or entity from claims, if any, by Class Members for workers' compensation, unemployment, or disability benefits of any nature, nor does it release any claims,

actions, or causes of action which may be possessed by Class Members under state or federal discrimination statutes, including, without limitation, the Cal. Fair Employment and Housing Act, the Cal. Government Code § 12940, et seq.; the Unruh Civil Rights Act, the Cal. Civil Code §51, et seq.; the California Constitution; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, et seq.; the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, et seq.; the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq.; and all of their implementing regulations and interpretive guidelines.

7. The Court finds that all notice requirements of the Class Action Fairness Act ("CAFA") have been satisfied. The Settlement Administrator promulgated the notice required by CAFA on or around January 9, 2018. CAFA provides that "[a]n order giving final approval of a proposed settlement may not be issued earlier than 90 days after the requisite notice is provided." 28 U.S.C. § 1715(d). Here the requisite time has passed since service of the notice for the Court to issue this Final Judgment.

8. In accordance with the Final Approval Order, Plaintiffs shall be paid Class Representative Incentive Awards of $14,000 each ($28,000 in total) in the manner provided by the Settlement.

9. Plaintiffs' counsel shall be paid Attorneys' Fees in the amount of $737,500.00 in fees and costs in the amount of $24,471.62 in the manner provided by the Settlement.

10. The Settlement Administrator, CPT Group, Inc. shall be paid $12,500 as administration fees in accordance with the terms of the Settlement.

11. The Court orders that $75,000 shall be allocated as payment for penalties under the California Labor Code Private Attorney Generals Act ("PAGA"), 75% of which (i.e. $56,250) shall be paid to the California Labor and Workforce Development Agency ("LWDA") for its portion of the PAGA penalties pursuant to Cal. Labor Code sections 2698-2699.

12. The Court finds that proper notice of the Final Approval Order was provided to the LWDA in accordance with PAGA, Labor Code § 2699(k)(3).

13. Any checks paid to Settlement Participants shall advise that they will remain valid and negotiable for ninety (90) calendar days from the date of their issuance and may thereafter automatically be canceled if not cashed by a Settlement Participant within that time, at which time the Settlement Participant's check will be deemed void and have no further force and effect. Any Settlement Participant's failure to negotiate and/or cash any such check will not abrogate or affect that Settlement Participant's waivers or releases under this Settlement. The funds associated with any checks which are not timely negotiated will be paid to the State of California's Department of Industrial Relations' Unclaimed Wage Fund in the name of the Settlement Participant(s) who did not cash their check.

14. The Court shall maintain jurisdiction over this action for one (1) year from the date of entry of this Final Judgment for purposes of enforcing the terms of the Settlement.

**IT IS SO ORDERED**.

Dated: August 2, 2018

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE